**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name:  14a0950n.06

**Case No. 14-5473**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HARRISON KERR TIGRETT; REGINA SUGARMON; RUSSELL SUGARMON; JAMES WESLEY GIBSON, II; KATHY BUCKMAN GIBSON; MIKE CARPENTER; MARTAVIUS D. JONES, | ) ) ) ) ) | |
| *Plaintiffs-Appellants*, | ) ) | |
| and | ) | |
| MAXINE SMITH | ) ) | |
| *Plaintiff*, | ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE WESTERN |
| ROBERT E. COOPER, JR.; TRE HARGETT; TENNESSEE DEPARTMENT OF STATE: DIVISION OF ELECTIONS; SHELBY COUNTY ELECTIONS COMMISSION; WILLIAM GIANNINI; MYRA STILES; J.H. JOHNSON; ROBERT D. MEYERS; STEVE STAMSON, | ) ) ) ) ) ) ) | DISTRICT OF TENNESSEE      O P I N I O N |
| *Defendants-Appellees*, | ) | |
| v. | ) | |
| TOWN OF ARLINGTON; CITY OF BARTLETT; TOWN OF COLLIERVILLE; CITY OF GERMANTOWN | ) ) ) ) | |
| *Intervenors/Defendants-Appellees* | ) | |

*Harrison Tigrett, et al. v. Robert Cooper, Jr., et al.*

BEFORE:     COLE, Chief Judge; GRIFFIN, Circuit Judge; and CARR, District Judge.[*]

COLE, Chief Judge.  Article XI, Section 9, of the Tennessee Constitution and its enabling legislation permit the consolidation of a city and a county if a majority of the voters in the principal city and a majority of the county voters outside the principal city vote in favor of consolidation.  This requirement is referred to as the "dual-majority vote requirement."  Plaintiffs allege the dual-majority vote requirement violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the Voting Rights Act of 1965. The district court granted summary judgment to defendants.  Plaintiffs now appeal the district court's ruling.  Because we find the case to be moot, we dismiss their appeal.

## I. BACKGROUND

Article XI, Section 9, of the Tennessee Constitution provides:

> The General Assembly may provide for the consolidation of any or all of the governmental and corporate functions now or hereafter vested in municipal corporations with the governmental and corporate functions now or hereafter vested in the counties in which such municipal corporations are located; provided, such consolidations shall not become effective until submitted to the qualified voters residing within the municipal corporation and in the county outside thereof, and approved by a majority of those voting within the municipal corporation and by a majority of those voting in the county outside the municipal corporation.

Tenn. Const. art. XI, § 9.

To implement this constitutional provision, the Tennessee General Assembly adopted the "Metropolitan Charter" scheme.  Tenn. Code Ann. §§ 7-2-101–108.  Under the scheme, the first step towards consolidation is the creation of a metropolitan-government charter commission.  A commission can be created in one of three ways: (1) through the adoption of a consolidation resolution by the governing body of a county and the governing body of the principal city; (2) by

---

[*] The Honorable James G. Carr, Senior District Judge for the United States District Court for the Northern District of Ohio, sitting by designation.

*Harrison Tigrett, et al. v. Robert Cooper, Jr.; et al.*

a legislative act of the Tennessee General Assembly; or (3) through voter petition.  Tenn. Code Ann. § 7-2-101.

Once the consolidation resolution is adopted, the county election commission must hold a special referendum election for the ratification or rejection of the proposed charter.  Tenn. Code Ann. § 7-2-106(a)–(b).  The charter is deemed ratified only if approved by a majority of those voting within the county outside principal city and by a majority of those inside the principal city.  Tenn. Code Ann. § 7-2-106(c)–(d).  The principal city is the "municipal corporation having the largest population of any municipality in a particular county."  Tenn. Code Ann. § 7-1-101(7).

Pursuant to this scheme, the City of Memphis and Shelby County, Tennessee, decided to consider consolidation.  Memphis is the principal city in Shelby County accounting for approximately 73 percent of Shelby County's population.  The remainder of Shelby County is composed of the municipalities of Germantown, Bartlett, Arlington, Millington, Collierville, and Lakeland, as well as unincorporated areas.  While a majority of Memphis residents are black, the majority of residents in Shelby County outside of Memphis are white.

On August 26 and September 15, 2009, the City of Memphis and Shelby County, Tennessee, respectively, adopted resolutions establishing the Memphis and Shelby County Metropolitan Government Charter Commission.  The Commission adopted the Charter of the Memphis Shelby County Metropolitan Government on August 9, 2010, filed it with the Shelby County Election Commission on August 10, 2010, and requested that the charter be placed on the ballot to the voters of Memphis and Shelby County in a referendum election.

On October 7, 2010, plaintiffs—Memphis residents and registered voters—filed a complaint for declaratory, preliminary, and injunctive relief, challenging the validity of Article

- 3 -

Case 2:13-cv-02724-STA-tmp    Document 148    Filed 12/30/14    Page 4 of 8    (4 of 8)
PageID 3374
*Harrison Tigrett, et al. v. Robert Cooper, Jr., et al.*

XI, Section 9, of the Tennessee Constitution and its enabling legislation. In their complaint, plaintiffs allege that the Tennessee Constitution and its enabling legislation requiring a dual-majority vote for consolidation (1) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and (2) violates Section 2 of the Voting Rights Act of 1965. Specifically, plaintiffs argue that the dual-majority vote requirement violates the Equal Protection Clause by impermissibly diluting the voting strength of voters within the City of Memphis. They also argue that the dual-majority vote requirement violates Section 2 of the Voting Rights Act of 1965 by impermissibly diluting the voting strength of blacks in the City of Memphis.

On November 2, 2010, the countywide consolidation referendum was held. Of the non-Memphis Shelby County voters, 63.3 percent voted against consolidation and 36.4 percent voted in favor of consolidation. Of the City of Memphis voters, 49.2 percent voted against consolidation and 50.8 percent voted in favor of consolidation.

Defendants moved to dismiss the action as moot. The district court denied the motion finding that there was a reasonable expectation that this controversy would recur.

On March 29, 2011, and June 6, 2011, the Town of Arlington, City of Bartlett, Town of Collierville, City of Germantown, and City of Millington sought to intervene in the action. The district court initially denied the motions, but, upon reconsideration, permitted them to intervene solely as to plaintiffs' residency-based equal protection claim.

On May 29, 2013, the parties filed cross-motions for summary judgment, and on March 17, 2014, the district court granted defendants' motion for summary judgment. Plaintiffs appealed.

*Harrison Tigrett, et al. v. Robert Cooper, Jr., et al.*

## II. ANALYSIS

Although the parties did not address mootness in their appeal, mootness is an element of justiciability and the court has a duty to consider it sua sponte. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 583–84 (6th Cir. 2006). A case is moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 584 (quoting *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979)).

"Even when an actual controversy does not exist, an appellate court may appropriately adjudicate an issue when it is one that is 'capable of repetition, yet evading review.'" *Corrigan v. City of Newaygo*, 55 F.3d 1211, 1213 (6th Cir. 1995) (citations omitted). "This doctrine applies in exceptional situations in which two conditions exist: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Speer v. City of Or.*, 847 F.2d 310, 311 (6th Cir. 1988) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

In this appeal, the first prong is easily met. "Legal disputes involving election laws almost always take more time to resolve than the election cycle permits." *Libertarian Party of Ohio*, 462 F.3d at 584. Less than one month elapsed between the filing of the lawsuit and the election. *See id.* However, the second prong has not been met because plaintiffs have not shown that there is a "reasonable expectation" that they will be "subjected to the same action again." *Speer*, 847 F.2d at 311 (quoting *Weinstein*, 423 U.S. at 149).

While the second prong of the mootness exception is "somewhat relaxed in election cases," *Lawrence v. Blackwell*, 430 F.3d 368, 372 (6th Cir. 2005), the consolidation referendum here differs from other elections courts have reviewed. In this election, the referendum for

*Harrison Tigrett, et al. v. Robert Cooper, Jr., et al.*

consolidation did not pass and would not have passed even if there had been no dual-majority vote requirement. Moreover, unlike in most elections, consolidation elections are not regularly scheduled and do not occur frequently. In order for a consolidation election to occur, a metropolitan-government charter commission must be created. However, there is no indication that the governing bodies of the City of Memphis or Shelby County intend to consolidate through the formation of another commission in the near future. In the past century, only three consolidation elections have taken place in the City of Memphis and Shelby County. The last consolidation election before the present took place nearly 40 years ago. It is possible that the next consolidation election will not occur again for another half-century. Therefore, there is no indication that the same parties will be subjected to this violation again. "The [Supreme] Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein*. If this were true, virtually any matter of short duration would be reviewable." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

### III. CONCLUSION

For the foregoing reasons, we dismiss the appeal as moot.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: December 30, 2014

Mr. Leo Maurice Bearman Jr.
Baker Donelson
165 Madison Avenue
Suite 2000
Memphis, TN 38103

Ms. Katherine Murphy Bogard
Baker Donelson
165 Madison Avenue
Suite 2000
Memphis, TN 38103

Mr. James Bennett Fox Jr.
Adams & Reese
6075 Poplar Avenue
Suite 700
Memphis, TN 38119

Ms. Janet M. Kleinfelter
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202

Mr. Mark S. Norris Sr.
Adams & Reese
6075 Poplar Avenue
Suite 700
Memphis, TN 38119

Ms. Lori H. Patterson

Case 2:10-cv-02724-STA-tmp   Document 148   Filed 12/30/14   Page 8 of 8   (8 of 8)
PageID 3378

Baker Donelson
165 Madison Avenue
Suite 2000
Memphis, TN 38103

Ms. Ashley Christina Satterfield
Baker Donelson
165 Madison Avenue
Suite 2000
Memphis, TN 38103

Mr. Daniel Eric Setterlund
Baker Donelson
265 Brookview Centre Way
Suite 600
Knoxville, TN 37919

Re:  Case No. 14-5473, *Harrison Tigrett, et al v. Robert Cooper, Jr., et al*
Originating Case No. : 2:10-cv-02724

Dear Counsel

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc:  Mr. Thomas M. Gould

Enclosure

No mandate to issue